UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| CHRISTOPHER L. SCRUGGS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 3:17-CV-423 JD |
| | ) | |
| STG. SIN CLAIR, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Christopher L. Scruggs, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983 against eight officers at the Westville Correctional Facility (Westville). Pursuant to 28 U.S.C. § 1915A, the court must review a complaint filed by a prisoner and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). The court must bear in mind, however, that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Here, Scruggs alleges that was housed under inhumane conditions at Westville from May 7, 2016 through May 13, 2016. On May 7, Scruggs suffered an unidentified medical injury which caused so much pain in his stomach area that he was unable to walk or leave his cell. The next day, he informed C.O. Baity that he needed medical

1

help. In response, C.O. Baity simply told Scruggs that Nurse West refused to come see him. Scruggs then asked C.O. Wilson to call medical, but he refused. Instead, C.O. Wilson called Sgt. Miller and Sgt. SinClair. These two sergeants - who have an animosity towards Scruggs - came to his cell and instead of helping him, pepper sprayed him for no reason. Scruggs was left on the floor in pain and covered in pepper spray. During this time, Nurses Lester and West walked by his cell, knew of his condition, and ignored him. Scruggs sues these six defendants for money damages for refusing to treat his medical problem, in violation of the Eighth Amendment.

In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical need. *Estelle v. Gamble*, 429 U.S. 97 (1976). A medical need is "serious" if it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). For a medical professional to be liable for deliberate indifference, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Negligence, incompetence, or even medical malpractice do not constitute deliberate indifference. *Pierson v. Hartley*,

2

391 F.3d 898, 902 (7th Cir. 2004); *Walker v. Peters*, 233 F.3d 494, 499 (7th Cir. 2000).

Here, Scruggs claims that C.O. Baity, Nurse West, Nurse Lester, C.O. Wilson, Sgt. Miller and Sgt. SinClair ignored his pain and denied him medical care from May 7, 2016 to May 13, 2016. Although Scruggs does not identify his medical condition, he alleges that it caused him to suffer extreme pain in his stomach, mid-section and lower back. The condition impaired Scrugg's mobility to the point that he was unable to walk. These defendants knew of this condition and still ignored him. Giving Scruggs the inferences to which he is entitled at this stage, he has alleged an Eighth Amendment claim against C.O. Baity, Nurse West, C.O. Wilson, Sgt. Miller, Nurse Lester and Sgt. SinClair.

Next, Scruggs sues Sgt. Miller and Sgt. SinClair for using excessive force when they pepper sprayed him on May 7, 2016. Scruggs alleges that these sergeants pepper sprayed him simply because they did not like him. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.*

Here, giving Scruggs the inferences to which he is entitled at this stage, he alleges a plausible claim that Sgt. Miller and Sgt. SinClair used force maliciously and sadistically to cause him harm. Although further factual development may show that

3

their actions were reasonable under the circumstances, Scruggs has alleged enough to proceed on this claim.

Last, Scruggs complains that Sgt. Miller and Sgt. Sinclair ordered the running water in his cell turned off and, for the next six days, Scruggs was deprived of anything to drink. He was not able to get any water from his cell since the water was turned off, was unable to leave his cell and he did not receive any liquids to drink with his meals. He was given only powdered milk or drink mix. During this time, Scruggs asked C.O. Wilson and C.O. Jones to bring him something to drink but they refused based on Captain Earhart and Captain Smiley's instructions.

Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). To determine whether Scruggs has stated a Constitutional claim for a lack of drinking water, the court must evaluate both the severity and duration of the deprivation. *Dixon v. Godinez*, 114 F.3d 640, 643 (7th Cir. 1997). The severity of the deprivation was extreme. Scruggs was denied anything to drink. And, six days to be without water is quite a long time. Thus, Scruggs' allegations that these defendants deprived him of any liquids to drink for six days satisfies the objective prong of the Eighth Amendment inquiry. *Cf. Tesch v. Cnty. of Green Lake*, 157 F.3d 465, 476 (7th Cir. 1998) (holding that an inmate's allegations that he was denied assistance in obtaining drinking water for "less than two full days" was *de*

*minimis* and did not state a claim for relief). With respect to the subjective prong, Scruggs alleges that these defendants were personally aware of his lack of anything to drink, but intentionally ignored his situation. If proven, these allegations could establish deliberate indifference. *See Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate repeatedly complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference."). Giving Scruggs the inferences to which he is entitled at this stage, Scruggs has alleged an Eighth Amendment claim against Sgt. Miller, Sgt. SinClair, C.O. Wilson, C.O. Jones, Capt. Earhart and Capt. Smiley for denying him any liquids to drink for six days.

For these reasons, the Court:

(1) GRANTS the plaintiff leave to proceed on a claim against C.O. Baity, Nurse West, Nurse Lester, C.O. Wilson, Sgt. Miller and Sgt. SinClair in their individual capacities for compensatory and punitive damages for ignoring his serious medical needs from May 7, 2016, through May 13, 2016, under the Eighth Amendment;

(2) GRANTS the plaintiff leave to proceed on a claim against Sgt. Miller and Sgt. SinClair in their individual capacities for compensatory and punitive damages for using excessive force against him on May 7, 2016, under the Eighth Amendment;

(3) GRANTS the plaintiff leave to proceed on a claim against Sgt. Miller, Sgt. SinClair, C.O. Wilson, C.O. Jones, Capt. Earhart and Capt. Smiley in their individual capacities for compensatory and punitive damages for depriving him of any liquids to drink from May 7, 2016, through May 13, 2016, under the Eighth Amendment;

(4) DISMISSES any and all other claims contained in the complaint;

(5) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Sgt. Miller, Sgt. Scruggs, C.O. Wilson, C.O. Jones, Capt. Earhart and Capt. Smiley, Nurse West and Nurse Lester at the Indiana Department of Correction with a copy of this order and the complaint (ECF 2), pursuant to 28 U.S.C. § 1915(d); and

(6) ORDERS Sgt. Miller, Sgt. Scruggs, C.O. Wilson, C.O. Jones, Capt. Earhart and Capt. Smiley, Nurse West and Nurse Lester to respond, as provided for in the FEDERAL RULES OF CIVIL PROCEDURE and N.D. IND. L.R. 10.1, only to the claims for which the *pro se* plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on February 26, 2018.

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT